CRARY *vs*. BARLOW & TAYLOR.

Where, on the trial an objection was taken generally to reading in evidence deposi-tions taken conditionally under the statute, but no particular defect was pointed out, and the objection was overruled, if no proof appeals on the record, either by the certificate of the magistrate who took the depositions, or from any other testi-mony, that the deponents were non-residents of the State or county, that they re-sided at a greater distance from the place of trial than sixty miles, or that they were unable to attend court by reason of sickness or other bodily infirmity; the judgment will be reversed.

THIS was an action of assumpsit against Crary and another, deter-mined in the Pulaski Circuit Court, in September, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Judgment was rendered against Crary. On the trial four depositions were offered in evidence by the plaintiffs, taken in Mississippi. In the captions to two of the depositions, it was stated that the two witnesses resided in Mississippi. As to the residence of the others, nothing was said in the captions or certificates. The depositions were taken under the statute conditionally. No proof was contained in the record as to the residence of the witnesses. The defendant objected, generally, to the reading of all of them, without pointing out any special objec-tions. Objections overruled, depositions read, exceptions, and error.

The case was argued here by *Cummins*, for plaintiff in error, and *Ashley & Watkins*, contra.

*By the Court*, LACY, J. On the trial below, an objection was taken generally to all the depositions being read as evidence, but no

Crary *vs.* Barlow & Taylor.

particular defect in any one of them was pointed out. They were permitted to be read, and the question to be decided is, was that adjudication right or wrong ? The rule to take the depositions was conditional, and the examination before the justice shows, taking the caption in connection with the final certificate of the officer, that two of the witnesses were non-residents of the State, and therefore their testimony was properly received. In regard to the other two remaining depositions, there is no proof appearing upon the record either by the certificate of the justice or from any other testimony, that these witnesses were non-residents of the State or county, or that they resided at a greater distance than sixty miles from the place of trial, or that they were unable to attend court by reason of age, sickness, or some other bodily infirmity. For aught this court can know, these witnesses might have been present in court during the trial, or their personal attendance could have been coerced by subpœna. The party offering the depositions has no right to read them unless he first lays the ground of their introduction, and affirmatively establishes, either by the certificate of the justice, which the statute makes prima facie evidence, or by other satisfactory proof that some one of the substantive facts exists, which authorize the depositions to be read. In other words, he must show that he has complied with the condition of the rule authorizing the examination by depositions, and unless he does so, he is not entitled to its benefit. These conditions, the statute expressly makes pre-requisites, before the depositions can become evidence upon a trial at law. *Rev. St.* 327, *chap.* 49, *sec's.* 19, 20. To allow proof by depositions in such actions militates against the principles of ancient common law, which required the personal attendance of witnesses, that the truth might be more readily and fully elicited in open court, and their credibility and statements more accurately weighed and thoroughly sifted. The English statutes, as well as our own, that authorize a departure from this salutary principle, certainly never intended to allow depositions to be read in actions at law, unless the personal attendance of the witnesses could not be procured by reasonable exertions, and their absence first satisfactorily accounted for. In the present case the plaintiff has failed to do this, and therefore two of the depositions read upon the trial were improperly admitted. The

objection being taken generally, went to all the depositions, and show-
ed conclusively that the party did not mean to waive his rights, but
stood upon his exceptions.   It then became the duty of the court to
determine whether or not the objection was well founded, and as that
point was erroneously settled as to two of the depositions, and they con-
stituted legal proof in the cause, and were admitted in violation of the
pre-requisites of the statute regulating the practice in such cases, the
judgment of the court below must be reversed, with costs.